# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 13-902

**STATE OF LOUISIANA**

**IN THE INTEREST OF A.G.B.**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. JV-4953
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Carolyn Cole
15ᵗʰ Judicial District Public Defenders Office
Post Office Box 3622
600 Jefferson Street, Suite 902
Lafayette, Louisiana 70501
(337) 232-9345
COUNSEL FOR DEFENDANT/APPELLANT:
    A.B.**

**Tamara D. Rahim**
**825 Kaliste Saloom Road**
**Brandywine 3, Room 150**
**Lafayette, Louisiana 70508**
**(337) 262-2250**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana, Department of Children and Family Services**

**GENOVESE, Judge.**

A.B.,[1] the biological father of the minor child, A.G.B., appeals the judgment of the trial court terminating his parental rights and certifying the minor child eligible for adoption. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

A.G.B., born April 2, 2009, was placed in the care of the State of Louisiana, through its Department of Social Services, Office of Community Services (the State), pursuant to an instanter order issued March 2, 2011, based upon allegations of neglect by dependency. The basis for removal was that the mother of A.G.B., S.J.B., had been arrested for drug possession charges. At the time the removal occurred, A.B. was also incarcerated on drug charges in the St. Tammany Parish Jail in Covington, Louisiana.

An Order of Continued Custody was signed by the trial court on March 4, 2011, since both parents were incarcerated, and the State was unable to find a suitable relative for the placement of A.G.B. A.G.B. was adjudicated a child in need of care pursuant to La.Ch.Code art. 666[2] on May 2, 2011.

On August 2, 2012, a Petition for Termination of Parental Rights and Certification for Adoption was filed on behalf of A.G.B., seeking the termination of the parental rights of both of A.G.B.'s parents. The petition asserted that the parents' parental rights should be terminated pursuant to the provisions of La.Ch.Code art. 1015(4) and 1015(5).[3]

---

[1] Pursuant to Uniform Rules—Courts of Appeal, Rules 5–1 and 5–2, the initials of the parties will be used to protect and maintain the privacy of the minor child involved in this proceeding.

[2] Louisiana Children's Code Article 666 provides, in pertinent part, "Following the adjudication hearing, the court shall immediately declare whether the evidence warrants a child in need of care adjudication."

[3] Louisiana Children's Code Article 1015 provides, in relevant part, as follows:

Following trial on March 4, 2013, the trial court found that there were grounds to terminate the parental rights of A.B.[4] Specifically, the trial court found that the State proved, by clear and convincing evidence, grounds for termination under the provisions of La.Ch.Code art. 1015(4)(b) and 1015(5). A Judgment of Termination of Parental Rights and Certification for Adoption was signed by the trial court on March 19, 2013. Only A.B. appeals.

## ASSIGNMENTS OF ERROR

A.B. presents the following assignments of error for our review:

---

The grounds for termination of parental rights are:

. . . .

(4) Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:

(a) For a period of at least four months as of the time of the hearing, despite a diligent search, the whereabouts of the child's parent continue to be unknown.

(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child's care and support for any period of six consecutive months.

(c) As of the time the petition is filed, the parent has failed to maintain significant contact with the child by visiting him or communicating with him for any period of six consecutive months.

(5) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future, considering the child's age and his need for a safe, stable, and permanent home.

[4] The judgment of the trial court terminated the parental rights of both A.B. and S.J.B. However, S.J.B. did not appeal; thus, the termination of her parental rights is not presently before this court.

2

I.

The trial court erred in terminating the parental rights of A.B. for failing to substantially comply with his case plan. The court further erred in finding that [the State] proved by clear and convincing evidence that there was no reasonable expectation for further improvement in his condition or conduct in the near future, nor reasonable expectation that he would complete any new requirements of the case plan as deemed necessary for the safe return of the child.

II.

The trial court erred in finding that termination was in the best interest of the child.

## LAW AND DISCUSSION

"A trial court's findings on whether or not parental rights should be terminated are subject to the manifest error standard of review." *State in Interest of J.K.G.*, 11-908, p. 5 (La.App. 3 Cir. 1/11/12), 118 So.3d 10, 14 (citing *State ex rel. K.G.*, 02-2886, 02-2892 (La. 3/18/03), 841 So.2d 759).

Louisiana Children's Code Article 1015 sets forth eight grounds for termination of parental rights. Although the State need only establish one ground for termination, the trial court must also find that the termination is in the best interest of the child in order to meet the statutory requirement of La.Ch.Code art. 1035(A), which requires that grounds for termination be proven by clear and convincing evidence. *State ex rel. M.H. v. K.W.H.*, 40,332 (La.App. 2 Cir. 9/23/05), 912 So.2d 88.

*Id*. at 14-15. In the case at bar, the trial court found that the State had proven grounds for termination of A.B.'s parental rights under La.Ch.Code art. 1015(4) and 1015(5) by clear and convincing evidence and that termination of his rights was in the best interest of the minor child.

In his first assignment of error, A.B. argues that the trial court erred in finding that he failed to substantially comply with his case plan and that there was no reasonable expectation for improvement in the future. At the time A.G.B. was taken into custody, A.B. was incarcerated on drug charges. He also had a history of DWI charges and a charge of simple battery. The State created case plans for

3

A.B. from the time A.G.B. was placed in foster care. A.B. was provided with copies of his case plan which required him to obtain stable housing and employment, to undergo substance abuse evaluation and treatment, to make parental contributions, to refrain from criminal activity, and to maintain contact with the State. To his credit, A.B. did obtain employment when he was transferred to Northshore Work Release in Covington, Louisiana, and he did complete two substance abuse classes. The trial court acknowledged his efforts, but concluded that these actions did not constitute substantial compliance with his case plan. We agree.

Regarding employment, as noted, A.B. did work approximately five months through a work release program. However, after his release in January 2013, he did not obtain employment. A.B.'s sole source of income was social security benefits. Additionally, he presented no evidence of any plans for future employment or employment possibilities.

An additional requirement of A.B.'s case plan was for him to make parental contributions. He made none. Despite the limited period of employment and his receipt of social security benefits, A.B. failed to make any of the $20.00 per month contributions as he was required to do.

A.B. was also required to undergo substance abuse evaluation and treatment. He did complete two programs while he was incarcerated; however, upon his release, he failed a drug screen. The drug screen indicated that he had taken Lortab and Xanax, both without a prescription. Notably, A.B. did not remain substance-free after he was released.

Finally, A.B. was required to obtain safe, adequate, and stable housing. Upon his release, A.B. began living with his mother in Bogalusa, Louisiana. His plan was for A.G.B. to reside there as well. However, based upon her findings

4

during home visits, the case worker did not think that the home was safe. In light of the evidence presented, the trial court was concerned that the home was not an appropriate place for the child to live. Additionally, the trial court recognized that the length of its availability was uncertain and commented that A.B. had failed to achieve "any independence from his mother." We find these ruminations of the trial court to be supported by the record.

While we recognize that some effort was made on the part of A.B. to fulfill the requirements of his case plan, we find his efforts fall considerably short of substantial compliance. The trial court's findings were not manifestly erroneous.

Additionally, the record supports the trial court's conclusion that there was no reasonable expectation for improvement in the near future. The trial court stated that it was "not very impressed by the housing [A.B.] provided and the income he's proved because he hasn't done anything to earn or achieve either of those things." Rather, "he's living in his mother's house, and he's on public assistance." Moreover, as the trial court recognized, given that A.B. failed to remain substance free after his release, he is in violation of the terms of his parole and is subject to revocation of his parole and, potentially, future incarceration. Therefore, this assignment of error is without merit.

In his second assignment of error, A.B. asserts that the trial court erred in determining that termination of his parental rights was in the best interest of the child. We likewise find no merit in this assignment of error.

When A.G.B. was originally placed into foster care, he was twenty-three months old. The case worker testified that when the minor child was first placed in foster care, he did not talk. His speech was "severely delayed." A.G.B. has since undergone speech therapy and has improved. According to the case worker, the child is "doing really well there. He's adjusted. He's bonding." A.G.B. refers to

5

his foster parents as "mom" and "dad" and calls the other child in the home his "brother." A.G.B loves his foster family and wants to stay in their home. The foster family loves and has provided for A.G.B., and they want to adopt him.

On the other hand, the child has no relationship with A.B. They had no contact from the time A.B. was incarcerated in December of 2010 until one visit in February 2013. While we are aware that A.B. was incarcerated for much of the time, even upon his release, he failed to take advantage of scheduled visits in January and February of 2013. By the date of the trial, A.B had had only one visit with the child. The social worker observing that visit explained that the child would "whine," push away from A.B., and would try to leave the room.

> In termination proceedings, the court must carefully balance the interests of the children and the interests of the parents. *State ex rel. J.M.*, 02-2089, p. 8 (La.1/28/03), 837 So.2d 1247, 1252. While a parent has a natural fundamental interest in the continuing companionship, care, and custody of their children, the child has a profound interest in terminating parental rights that prevent adoption and inhibit establishing secure, stable, long-term and continuous relationships found in a home with proper parental care. *State ex rel. L.B. v. G.B.B.*, 02-1715, p. 4 (La.12/4/02), 831 So.2d 918, 921; *State ex rel. G.J.L.*, 00-3278, p. 6 (La.6/29/01), 791 So.2d 80, 85; *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982). In balancing these interests, courts have consistently found that the interest of the child is paramount over that of the parent. *State ex rel. G.J.L.*, 00-3278 at p. 6, 791 So.2d at 85.

*State ex rel. D.D.M.*, 07-1017, pp. 7-8 (La.App. 5 Cir. 3/25/08), 983 So.2d 141, 145. In light of the foregoing, we find no error in the trial court's ruling that termination of A.B.'s parental rights is in A.G.B.'s best interest.

### DECREE

For the foregoing reasons, the judgment of the trial court terminating A.B.'s parental rights as to A.G.B. is affirmed. Costs of this appeal are assessed to A.B.

**AFFIRMED.**

6